**SO ORDERED.**

**SIGNED this 25 day of July, 2013.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                                          CASE NO.

**RENWICK LEE TART**                                                      13-02310-8-SWH

      **DEBTOR**

## MEMORANDUM OPINION REGARDING OBJECTION TO ABANDONMENT

On June 26, 2013, in consequence of a hearing on June 25, 2013, the court entered a short order finding that the chapter 13 trustee's Notice of Abandonment (filed on May 3, 2013) as to property located at 116/118 Gregory Drive, Cary, North Carolina (the "Property") was ineffective. The order noted that the Notice of Abandonment did not comply with 11 U.S.C. § 554, that the Property remained property of the estate, and that a memorandum opinion would follow. The court stated further that in the interim, nothing in the order should be construed to prohibit any party from seeking to have the Property abandoned again or seeking alternative relief, including but not limited to relief from the stay. On July 15, 2013, the trustee filed a new Notice of Abandonment.

### DISCUSSION

With respect to the court's order of June 26, 2013, it develops that very little additional discussion is needed. The trustee's more recent Notice of Abandonment effectively addresses the

failure of the original to provide proper notice. As was conceded at the hearing, a trustee's abandonment of property of the estate requires notice and a hearing. 11 U.S.C. § 554(a).

The original Notice of Abandonment purported simply to declare the property abandoned, without specifically affording an opportunity for objections to be filed and for any objecting parties to request a hearing. The debtor then objected on grounds of improper notice, and also proposed a different disposition of the property. The court agreed that the Notice of Abandonment was ineffective and, accordingly, ruled that the property was not abandoned and remained property of the estate. It was not at that time necessary to address the merits of whether any additional, substantive grounds existed to preclude abandonment.

Subsequent to entry of that order, the trustee filed a compliant Notice of Abandonment, which specifies that any objection to the proposed abandonment may be filed within fourteen days, and that no hearing will be held unless an objection is filed and the court deems a hearing warranted, or an objecting party requests a hearing. The deadline by which to file objections is August 1, 2013. To date, no objections have been filed.

If objections to the trustee's second Notice of Abandonment are filed, the court will set the matter for hearing and address the substance of those objections at that time.

**SO ORDERED**.

**END OF DOCUMENT**